310-0754, People of the State of Illinois Acclaimed by Richard Leonard v. Michael Tucker Accompanied by Michael Walsh Please proceed. This is a court counsel for the state. This is a case about a young man who was convicted of one count of aggravated criminal sexual abuse. The testimony at the, there was a first trial that was then overturned on a post-trial motion. And a second trial was conducted and stipulations were made as to the evidence that was elicited at the first trial, minus some other evidence that had been discussed in motions in limine. One of the issues in this case involves the motion in limine that the state filed prior to the commencement of the second trial in which it moved to bar the defendant from introducing testimony or evidence about the complainant's prior ARD, excuse me, DCFS complaint against her natural father. In that complaint, she ultimately said that she had either lied or misled the authorities, including her family, because at the time, she now says she was confused about what the word molestation meant. And I think it's important to look at the facts of this case as was presented at the trial to understand why the defendant believes this should have been allowed. We have a 13 or 14-year-old young lady when the allegations of this conduct occurred. She was living with her mom, her brother, and her stepdad, who is the defendant. She can't say when it happened. The complaint says sometime February to June of 2005. There is no immediate outcry. There is no physical evidence. There is no medical evidence. There is nothing there to corroborate that this happened other than this young lady's testimony. It is interesting to note that the outcry, when it was made many months later, was done after she was to be disciplined by both the stepdad, the defendant, and her mom. She says on the record she didn't like the fact that he was disciplining her. In fact, didn't like the fact that the discipline had increased since he had become a member of the household. And that is that those are the facts of the case. The important thing here is that this, as the defendant maintains, the evidence about her prior claims against her natural dad, which, for lack of a better term, brought her to the situation she wanted, which was to get the male parent out of the residence, because that's what happened with the natural stepdad, the natural dad, excuse me. This was evidence that went directly to her credibility. It went directly to the believability of her testimony. This, I know that the state argued in its brief that somehow we had waived this when we agreed to the stipulated bench trial. I think the record is clear that there was a rather lengthy argument prior to the commencement of the first trial. Motions and responses were filed. And the only thing that we agreed to was that certain testimony would be elicited, not that we were agreeing, meaning the defendant was agreeing, that that evidence should not have been introduced. And I think that that position by the state is a misreading of what occurred in the leading up to the trial. The Supreme Court has clearly held in the past that the credibility of an individual becomes important at a trial, especially in a trial like this, where it's her statements, it's her allegations. There is nothing else there to corroborate. In fact, the mom says that she lied to her about this. So you have a history here, almost a pattern of conduct on the part of the complainant, of making allegations that in the past turned out to be unsubstantiated. Now, the state maintains that Cookson prevents the court from entertaining that. And I think Cookson is different in their facts than the situation we have here. In Cookson, there was a DCFS complaint made by a young complainant, similar allegations of abuse. In that case, DCFS found that there was some indicated wrongdoing or inappropriate conduct. There was an administrative appeal of that ruling, and the administrative review found that there was no violation. Different than here, in that case in Cookson, the complainant maintained that this happened, continued to maintain that it happened, never said it didn't happen, never said that she lied. That is exactly what happened in the Hinston case. She said that it was a lie. She said she kind of made it up. She said in a kind of self-serving way in the trial, well, I really just didn't understand what molestation meant, even though she testifies that she had been involved in classes at school where she had had these issues presented to them. She had discussed this with her mom. The defendant believes and maintains that this was essential to determine the credibility of this child witness. How old was she when she made these first allegations? I'm sorry? How old was she when she made the allegations? I believe she said either 7 or 8. It was probably about 5, 6 years before the alleged incident occurred here. But the record reflects that the allegations here weren't reported for quite some time to the mom and then to the law enforcement in her community. So it would have been about 5 or 6 years before that. Thank you. Mr. Walsh, who made the complaint to DCFS when she was 7? Well, she made the complaint to her. My recollection of the record is that she made the complaint and that the mom made the complaint from there, from that point on. And did the mother know at the time that she made the complaint what the child was complaining of? I believe that she did. But apparently at some point mom realized after speaking with the child that the complaint was not well founded or another person might say it was either made up or a fabrication. She claims in her testimony that she thought molestation was when someone looked at you in a funny way. And that's how she described it, even though she said she had been to classes where these things had been discussed. She'd been to classes when she was 7? I believe that's her testimony, yes, that she talked about knowing about these things, having been taught these in health classes. But what does the record say specifically the actions were that she complained about when she was 7? The record doesn't reflect that. No, it doesn't. It doesn't say anything except the word molestation, correct? Correct. And what was the time period, according to this record, when the accusation was recanted that she was molested? It was shortly thereafter. It was shortly afterwards, yes. I think when natural dad was being confronted by the police, that probably, I think it was at that point that the issue was corrected. She was still 7, wasn't she? 7 or 8, yes. Still a young child. And that was after she learned the definition? I don't know if she ever learned the definition. She just said what she thought the definition was. But those are the words that she used. And in our, I think molestation is something other than someone looked at me, you know, inappropriate or made a comment that was inappropriate. Granted, I understand the court's, I guess, inclination here that, well, she's a young child and sometimes children make mistakes. And I don't disagree with it. But it certainly should have been something that we could have gone into in the second trial. But once it became apparent the judge wasn't going to allow us to go into it and we weren't going to be able to ask any questions, it was at that point there was a stipulation as to what the testimony would be. In the Cookson case, it talks about being able to do some of that. But it's dealing with particular specific allegations, isn't it? Well, it does. But I think in that situation, it's different than what we have here because the complainant in that situation continued to maintain that these things happened. And my reading of the case, the court found that it really wasn't something that was admissible because the person isn't saying it didn't happen. Some administrative review panel or board is saying it shouldn't be indicated as a well-founded complaint. At least that's my reading of Cookson. I guess what I'm having trouble with is what was she, under your version, fabricating when she used a general term, she was molested, and then withdrew it shortly thereafter once she found out more about what that word meant? Well, it sure seems that this young lady knows how to use certain words and to make certain complaints to get whatever issues resolved as she wants them to be resolved. That's when she was seven. Well, some children do manipulate adults and do manipulate situations. And her age at the time of the trial, were you wanting some of that to come in? Well, her age at the time of the trial, I believe that she was a, I think she was either 17 or 18. I recall her. She had just started college. So this was approximately four to five years after the alleged incident, which occurred sometime between February to June of 2005. So it was, she was in college at the time and was adult age. And about ten years after the alleged incident. About ten. That would be a fair statement. Yes, sir. Counsel, you have two minutes. Okay, thank you. Judge, so we're suggesting that in this case where it's merely the testimony of one individual with nothing else to corroborate any of this, we're suggesting to the court that the trial court was in error in not allowing us to go into this during the cross-examination of the young lady or through her mom and the testimony that would have been elicited from her. Thank you. Thank you, counsel. Counsel. May it please the court, counsel. First of all, I respectfully disagree with the facts that Mr. Walsh stated that the victim here said that she lied when she was seven years old. There's no evidence of that in the record. The evidence was she did not know the understanding of what the word molest or molestation meant. The reason the complaint came about when she was seven years old was she saw that her father was looking at her because she was developing breasts at that age, and she thought that looking at her was molestation. But after she was told what the word meant, she immediately said, oh, no, that's not what happened to me. I just noticed my father looking at me. What was the exact time period? It was shortly thereafter. It was shortly thereafter. Yeah. Do you have the exact time period? It's not clear in the record what the time period was, but it was probably during the investigation of the charges. So that was when she was seven years old. Now we jump forward to when she was 14 years old when this crime occurred. The defendant raises the question that the trial judge should not have barred this prior allegation of outcry about sexual conduct. First, I argue that the issue is waived. I stated in my brief at page four what the trial judge stated to the parties. He understood what he was going to consider as evidence. The trial judge made certainly clear he asked the defendant and his attorney twice. Now, I'm going to not consider the prior allegation and the defendant and his attorney both stated, yes, that's true. I don't believe that section I took out of context. You read the whole section there. It's pretty clear that the trial judge was making sure he's not going to consider the prior allegation. And the defendant personally and his lawyer agreed this was true. Now, the defendant cannot say to the trial judge, don't consider this prior allegation. And then on appeal, say that this was error. The defendant is barred because he invited the error. I cite the Supreme Court's decision in People v. Segoviano, which holds that proposition. Now, your analysis should simply stop right there. I make the alternative arguments where I address Cookson. Cookson is directly on point here. As to your waiver argument, the whole purpose of a stipulated bench trial is to preserve this other issue, though, isn't it? But he stipulated to what the evidence was going to be, and that be and Well, because he already had a trial court ruling, had he not? Telling him that he wasn't going to be allowed to present that evidence. He had a trial court ruling. He rejected the trial court's decision. Yes, but he agreed to it. He did not preserve his objection. You're saying when he says it's true, that's agreement? I believe that was an agreement. Or is that acknowledgment? I believe that would be an agreement, not an acknowledgment. He didn't say, I understand you had this ruling. We will abide by your ruling. Don't consider the allegation. But even if you don't believe that he waived the argument, I believe Cookson is directly on point. And Cookson, as in this case, there were two different defendants, two different incidents of sexual allegations. And Cookson said that there was no connection between these two separate defendants and these two incidents of sexual abuse. And the correct way to impeach a witness is not by a specific allegation. It's by reputation evidence. And Cookson directly contradicts the defendant's argument and should be followed by this court. Now, I make the third argument that it would be harmless error. The evidence of the defendant's guilt was overwhelming. The trial judge here was the trier of fact. He has the sole providence of the credibility of the witnesses. He must have found this young woman credible. Her testimony was positive and unwavering. Case law states that the testimony of one witness is sufficient to convict a defendant. Mr. Walsh relies on a lot of speculation of what the ulterior motives are of this young woman. But none of that is in the record. I believe this court should rely on the specific record and not specific anyone knows or ulterior motives of what this young woman stated or what she didn't state. Rely on what the trial judge found, which was this victim was credible. Mr. Leonard? Yes. I have a question on an issue that you all haven't discussed yet this morning, but it's in the briefs. Yes. And that's the defendant's allegation that the state did not prove the charges that were in the indictment. Yes. In terms of the dates. Yes. You made an argument that the dates in the indictment don't mean anything as long as it was within the statute of limitations? That's what the case law states. And that was my alternative argument. My first argument is the people did prove the indictment. The victim testified on direct testimony that this act occurred sometime within the six months of 2005. The indictment alleged that it occurred between February 1, 2005 and June 30, 2005. That falls specifically within those dates within the indictment. The trial judge must have found that this was credible evidence and found that the indictment was proven guilty beyond a reasonable doubt. But yes, that is the case law. I believe I cited- Guerrero. Guerrero. Yes, it's an appellate court case. And it was sort of a surprise to me, but that is the law. And I believe- No matter what the, what's stated in the indictment in terms of when the offense occurred, that as long as it's within the statute of limitations, the state doesn't have to prove that? Guerrero said that in a sex case, the date of the offense is not an essential element of the offense. And that, yes, if the date is within the statute of limitations, then the people do not have to prove beyond a reasonable doubt the date. But in this case, I believe that they did. And that is my alternative argument, that even if the people didn't prove the date beyond a reasonable doubt, which I believe that they did, it doesn't matter because of the Guerrero case, which says that the date of the sex offense is not an essential material element that the people have to prove beyond reasonable doubt. And that's not a third district case, right? That's not a third district case. I don't remember which district it was, but there are no third district cases that say that. Why do you think the court made that decision in Guerrero? What do you think the intent was there? The intent was when you're dealing with sex offense cases of children, they're not very good at estimating dates or remembering dates of the exact offense date. I believe that they were trying to make sure that a criminal defendant who preys on children does not get away with a crime just because the people have to prove that the exact date of the offense occurred. Because these young children, it's difficult for them to remember or articulate time and the date of the offense. But you don't really know that they're criminals and that they prey on young children unless the state proves the allegations in the indictment. Yes, and the material allegations are that the sexual abuse occurred and not necessarily important on what date it occurred. It's not a fatal variance in the indictment. But this indictment said between February 1st and June 30th of 05, correct? Yes. And in the first trial, which was stipulated to in the second trial- Yes. A part of that, there was testimony from the minor victim that it occurred within the first six months of 05. Yes, and that is my position. Which is an overlap of the same periods of time. Yes, so that's my position that the testimony from the victim that it occurred within the six months of 2005 falls within those dates. If you don't believe Guerrero or follow Guerrero, it's not fatal to the state's case because I believe the people did prove beyond a reasonable doubt the date of the offense in the indictment. If you don't have any more questions, I'd ask that you affirm the defendant's conviction. Counsel? Yes, Judge. Just a couple of points. First off, again, I spoke previously about the waiver issue. Clearly, we litigated a written motion and written response, an oral argument, and it was also voiced in the post-trial motion. I think counsel is interpreting a conversation prior to the commencement of a bench trial to somehow mean that we were waiving that issue that I don't think is what occurred here. Secondly, the state does not disagree with any, at least in writing, with the facts of the cases I presented to the court in the brief. And I would point out in regards to when this happened or when the child claims it happened, on cross-examination, she was unable to say whether it happened before or after Christmas of that school year. She maintains this happens sometime in her eighth grade school year. But on cross, she says she doesn't know if it happens the fall, winter, or spring. When there's, if you look at the other testimony, there may be even, there is some testimony that says it happened well before the dates that the indictment suggests. I understand with, and don't quarrel with the state's position in this and other cases with young children. That's why you're given that window of opportunity, for lack of a better term. Okay, you say it may have happened in February of 05, up to June of 05. And, but we're talking about one instance. We're not talking about a pattern of sexually inappropriate contact between her and a defendant. And in this case, the defendant. What they've proved is that it very easily happened long before that, if it happened at all. And that is the reason why I believe that the issue of the DCFS prior complaint goal is important here to address her credibility on these issues. We'd ask that you grant our appeal.  Thank you, counsel. Court will take this case under advisement and we'll take a break for a panel change. And we will render a decision in this matter with dispatch. Thank you.